**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

**1 FITZWATER STREET, LLC** *

*Plaintiff*, *

v. * Civil Case No. 1:25-cv-1328-JMC

**CITY OF SALISBURY** *

*

*Defendant*.

* * * * * * *

**MEMORANDUM OPINION AND ORDER**

Presently pending before the Court is Defendant's Motion to Modify the Scheduling Order (the "Motion"). (ECF No. 46). Plaintiff objects to this request. (ECF No. 47). The issue is fully briefed (ECF Nos. 46, 47, 49), and no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2025). As set forth immediately below, Defendant's Motion shall be GRANTED.

## I. RELEVANT BACKGROUND

The instant case asserts a breach of contract claim against the City of Salisbury (the "City"). (ECF No. 1 at 2).[1] The lawsuit arises from a Land Disposition Agreement ("LDA") whereby the City agreed to lease property to Plaintiff for development. *Id.* Under the LDA and a subsequently enacted resolution that approved the LDA, the parties agreed that the City would reserve a parking lot for the development project. *Id.* at 4. The parking lot to be used in the development project here was also subject to a contract between the City and another local business. *Id.* at 6.

After development was underway, Plaintiff asserts that Mayor Taylor turned his attention to the project, and the City refused to provide certain necessary permits notwithstanding all

[1] When the Court cites to a specific page number or range of page numbers, the Court is referring to the page numbers provided in the electronic filing stamps located at the top of every electronically filed document. Where a document does not have an electronic filing stamp, the Court is referring to the page numbers at the bottom of the document.

approval requirements being fulfilled. *Id*. at 5. After a series of communications between Plaintiff and Mayor Taylor, the relationships continued to deteriorate, and the development project came to a halt. *Id*. at 6. Plaintiff filed suit shortly thereafter. *See id.*

In the Complaint, Plaintiff asserted a 42 U.S.C. § 1983 claim alleging various property right violations as well as a breach of contract claim. *Id*. In a Memorandum Opinion and Order dated September 9, 2025, the Court dismissed without prejudice the § 1983 claim, thereby leaving the breach of contract claim as the sole remaining claim in this action. (ECF No. 24).

On October 8, 2025, this Court issued a Proposed Scheduling Order. (ECF No. 26). Shortly thereafter, the Court granted the parties request to modify the Scheduling Order, setting a discovery deadline of July 31, 2026. (ECF No. 30). On January 26, 2026, the Court granted the parties second request to modify the Scheduling Order, setting a discovery deadline of October 31, 2026. (ECF No. 32). On June 30, 2026, the Court granted the parties third request to modify the Scheduling Order, thereby extending the remaining operative dates to the following schedule:

| | |
|---|---|
| December 15, 2026 | Discovery Deadline; Joint Status Report |
| January 14, 2027 | Requests for Admission |
| February 5, 2027 | Dispositive Motions Deadline |

*Id.* On November 9, 2026, Defendant filed the instant Motion seeking an extension of the Scheduling Order. (ECF No. 46). Defendant asks this Court to extend the remaining deadlines to the following dates: discovery deadline on February 15, 2027; requests for admission on April 15, 2027; and dispositive motions on May 30, 2027. *Id.* at 3. Plaintiff filed its Opposition on November 13, 2026 (ECF No. 47), and proposes a 45-day extension which would result in the following deadlines: discovery deadline on January 29, 2027; requests for admission on February 28, 2027; and dispositive motions on March 22, 2027. (ECF No. 47-1 at 4). As such, the Court finds is appropriate to discuss the schedule as follows.

## II. STANDARD OF REVIEW

District courts have broad discretion to manage the timing of discovery. *Ardrey v. United Parcel Serv.,* 798 F.2d 679, 682 (4th Cir.1986). A party must demonstrate good cause to amend the scheduling order under Federal Rule of Civil Procedure 16. Fed. R. Civ. P. 16(b)(4); *DiStefano, Inc. v. Tasty Baking Co.*, Civil Case No. SAG-22-01493, 2024 WL 1329268, at *2 (D. Md. Mar. 28, 2024) "The primary consideration of the Rule 16(b) 'good cause' standard is the diligence of the movant." *Rassoull v. Maximus, Inc.*, 209 F.R.D. 372, 374 (D. Md. 2002) (citing *West Virginia Housing Dev. Fund. V. Ocwen Technology Xchange, Inc.*, 200 F.R.D. 564, 567 (S. D. W. Va. 2001)). Indications of a lack of diligence and carelessness are "hallmarks of failure to meet the good cause standard." *Id.* "To establish good cause, the party seeking to amend the scheduling order must 'show that the deadlines cannot reasonably be met despite the party's diligence'" *Id.* (quoting *Cook v. Howard*, 484 F. App'x 805, 815 (4th Cir. 2012)). Besides diligence, other factors in determining good cause include "the length of the delay and its effects, and whether the delay will prejudice the non-moving party." *Elat v. Ngoubene*, 993 F. Supp. 2d 497, 520 (D. Md. 2014) (quoting *Tawwaab v. Va. Linen Serv., Inc.*, 729 F. Supp. 2d 757, 768-69 (D. Md. 2010)).

## III. ANALYSIS

Defendant seeks the abovementioned extension of the Scheduling Order to "ensure time to complete all depositions requested by Defendants." (ECF No. 46 at 1). Defendant represents that several depositions are set to occur in January 2027, and it proposes that the last deposition be completed in early February despite Plaintiff's alleged refusal to accommodate this request. *Id.* at 1-2; (ECF No. 49 at 3). Defendant claims that even if the Court were to extend the discovery deadline to February 15, "completing all discovery by that date will be difficult." *Id.* at 2. With respect to the remainder of the deadlines proposed by Defendant, the Motion asserts that counsel

for the Defendant has several professional and personal obligations, including a wedding out of the country from March 27, 2027 to April 5, 2027, and two appellate briefs that are due in the interim. *Id.* Defendant states that this case will likely include cross-motions for summary judgment and the requested deadlines will allow for such motions to be filed without interfering with counsel for the Defendant's schedule and travel. *Id.* at 2-3.

Plaintiff responds by arguing that Defendant's proposed deadlines are unreasonable and will lead to unnecessary delay. (ECF No. 47 at 4). Specifically, Plaintiff avers that should the Court grant Defendant's Motion, it would be prejudiced by further prolonging the disposition of this case, which it claims is a continuing pattern by Defendant. *Id.* at 5. Plaintiff argues that counsel for the Defendant's staffing choices, vacation plans, and upcoming workload are not sufficient for the Court to find good cause to modify the current Scheduling Order as they are within the control of counsel. *Id.* at 6. Instead, Plaintiff suggests a 45-day extension of the Scheduling Order which it claims would avoid delay without hindering counsel for the Defendant's upcoming commitments. *Id.* at 5.

Based on the limited record before the Court and review of the parties' filings, the Court first notes that the parties have made good faith efforts to move the case through discovery and have previously engaged in cooperative efforts to complete discovery. The present dispute arose after Plaintiff advised Defendant of its intent to note eight depositions of Defendant's experts and various individuals involved with the subject matter of the litigation. *See* (ECF No. 47-1). During counsels' coordination of these depositions, counsel for the Defendant raised concerns regarding foreseen difficulties complying with the upcoming discovery deadline. *Id.* at 7. The Court recognizes that on September 29, 2026, counsel for the Defendant asked for a shorter extension than the one presently pending. *See id.* at 5, 6. Shortly thereafter, however, counsel for the

Defendant raised concerns mirroring those articulated in the Motion and sought agreement to her current request. *Id.* at 6.

The Court finds good cause to modify the Scheduling Order pursuant to Defendant's request. Although Plaintiff claims that "an attorney's failure to meet a filling deadline due to workload or inattention generally does not constitute good cause[,]" the Court is not presented with a circumstance where the moving party did not comply with the operative scheduling order and only then requested an extension. Nor is it a scenario where the moving party is asking the Court to reopen discovery after failing to diligently pursue it during the time previously afforded. Rather, counsel for the Defendant first notified opposing counsel several weeks before the discovery deadline in an attempt to reach an agreeable schedule. While Plaintiff correctly asserts that the Court must consider the diligence of the movant, the Court finds that Defendant has not acted with a lack of diligence in this case and there is no indication that the request is for purposes of improper delay.

Additionally, while Plaintiff claims that it will be unduly prejudiced should the Court grant Defendant's request, it does not identify any prejudice beyond the delay in reaching a final disposition of this matter. As such, the Court finds that any prejudice resulting from the requested modification would be minimal. The Court is certainly mindful of Plaintiff's desire to avoid prolonging the resolution of this case. Nevertheless, considering the parties' good-faith efforts to complete discovery, counsel's upcoming personal and professional obligations, and the discovery that remains outstanding, the Court finds that the circumstances, taken together, establish good cause to extend the Scheduling Order as requested by Defendant. *Rassoull*, 209 F.R.D. at 374.

Recognizing the Court's prior modifications of the Scheduling Order and the importance of moving the case forward, the modifications discussed herein shall be the last modifications to

the Scheduling Order absent extraordinary circumstances.

## IV. CONCLUSION

Accordingly, it is hereby ORDERED that the Scheduling Order is extended as follows:

| | |
|---|---|
| February 15, 2027 | Discovery Deadline; Joint Status Report |
| April 15, 2027 | Requests for Admission |
| May 30, 2027 | Dispositive Motions Deadline |

/s/

J. Mark Coulson
United States Magistrate Judge
November 25, 2026